Good morning, Your Honors. Deputy Attorney General Idan Every for Respondent. In this case, under Section 2254 D1, the state court decision was not contrary to, nor did it involve an unreasonable application of clearly established federal law as determined by the U.S. Supreme Court. A prior U.S. Supreme Court rule must be so clear that there could be no possibility for fair-minded disagreement in order for it to merit habeas relief. The U.S. Supreme Court has not ruled that a deliberate anew instruction issue in this case is required as either a state-created liberty interest, as the Petitioner argues, or under any other federal constitutional grounds. And four U.S. courts of appeal have recognized that fact. The deliberate anew instruction is just a state procedural rule whose omission does not go to any federal constitutional right that the U.S. Supreme Court has explicitly recognized. And it is qualitatively different from the sorts of state-created liberty interests that the U.S. Supreme Court has identified. And we can see that by taking a look at some of the cases in that area of the law, starting with Hicks, which is the main case cited by Petitioner, which addressed a situation where one State law provided the defendant with the right to a jury, a verdict on the sentence, and yet another State law directed the jury to sentence him to 40 years. That went directly to an act that increased the punishment of this individual and was arbitrary given the State's own rules. In this case, we have nothing that goes directly to a punishment in this way. And in fact, the omission of the deliberate anew instruction doesn't even necessarily benefit the people in the harmful ways that some of these state-created liberty interest cases have pointed out. And we can see similar facts in some of the other cases in this issue. For example, the deprivation of due process before putting a prisoner in a mental hospital, or depriving him of conduct credits, or placing him in the supermax in contravention to the State's own rules. All those cases are very far-field from what we have here. And I think it's instructive to look at White, which was cited by Respondent in supplemental submission in this case, to really look at how the proximity between a prior U.S. Supreme Court rule and the instant facts to determine whether or not to grant habeas relief. And White was a case where the Sixth Circuit was looking at prior U.S. Supreme Court precedent on a particular jury instruction, which was required at the guilt phase, according to the Supreme Court. And the Sixth Circuit, looking at all this precedent, found that it was the only reasonable conclusion, according to that court, was that the same instruction should apply at the penalty phase. And the U.S. Supreme Court disagreed, saying that even if the next logical step, quote, looking at U.S. Supreme Court precedent is to require a particular instruction, the EDPA, under EDPA, habeas relief is not warranted until the U.S. Supreme Court takes that step. And in this case, there's no U.S. Supreme Court precedent on the issue of deliberate anew that is even close. So on that basis alone, the claim is not cognizable and the habeas relief is unwarranted. And that should end the inquiry. But I would also briefly note that even if the Court were to look at a harmlessness test, there was a mountain of evidence in this case as to guilt. There was more time spent in deliberation after the substitution of the juror than there was before it. A vast majority of time before the substitution was spent in readback, which the alternates were present for. And so even if we were to reach that point, I believe we would still prevail. But in the first instance, I would just reemphasize the lack of U.S. Supreme Court authority, point to White, and simply say that that inquiry should be ended at that point. And I think that's all I have for questions. Kennedy. You want to argue the other side? I've practiced that, but I'd probably hesitate to do it here. Thank you. Any questions, Judge Noonan? No questions. All right. Hernandez v. Janda will be submitted. Thank you, Your Honor. Thank you. Thank you. Okay, we'll take up United States v. Johnson next.
judges: Noonan, Wardlaw, Fisher